UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH M. POPOVICH, | ) | CASE NO. 1:95 CV 684 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE: GALLAS |
| -vs- | ) | |
| | ) | |
| CUYAHOGA COUNTY, et al., | ) | **PLAINTIFF'S PROPOSED JURY** |
| | ) | **INSTRUCTIONS** |
| Defendants. | ) | |
| | ) | |

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Plaintiff, Joseph Popovich submits the attached instructions of law and requests that the Court charge the jury as written. Plaintiff respectfully reserves the right to request additional instructions based on developments occurring at trial and to revise, modify or supplement these instructions as may become necessary.

Respectfully submitted,

/s/ Richard C. Haber
Richard C. Haber, Esq. (#0046788)
Shannon J. Polk, Esq. (#0072891)
**HABER ▪ POLK, LLP**
Eaton Center, Suite 620
1111 Superior Avenue
Cleveland, Ohio 44114-2584
Phone: 216.241.0700
Facsimile: 216.241.0739
rhaber@haberpolk.com
spolk@haberpolk.com
Attorneys for Joseph Popovich

## PROPOSED JURY INSTRUCTION NO. 1

Members of the jury, now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty as jurors to follow the law as I will state it and to apply the law to the facts as you find them from the evidence in the case.  Do not single out one instruction alone as stating the law, but consider the instructions as a whole.  You are not to be concerned with the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts of the case.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice toward any party.  The law does not permit you to be governed by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Authority:

3 Kevin F. O'Malley et al., *Fed. Jury Prac. & Instructions* § 103.01 (5th ed. 2000) (modified).

## PROPOSED JURY INSTRUCTION NO. 2

### (All Persons Equal Before the Law)

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A public entity such as the Cuyahoga County Domestic Relations Court is entitled to the same fair trial as a private individual.  All persons, including public entities, and other organizations, stand equal before the law, and are to be treated as equals.

Authority:

3 Kevin F. O'Malley et al., *Fed. Jury Prac. & Instructions* § 103.12 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION NO. 3

### (Evidence)

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, all facts that may have been admitted or stipulated, and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard the fact as proved.

I may take judicial notice of certain facts or events.  When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noticed.

Any evidence to which I have sustained an objection, and evidence that I have ordered stricken, must be entirely disregarded.

Authority:

3 Kevin F. O'Malley et al., *Fed. Jury Prac. & Instruction* § 103.30 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION NO. 4

### (Evidence – Direct, Indirect and Circumstantial)

Generally speaking, there are two types of evidence that are generally presented during a trial – direct and circumstantial evidence.  "Direct" evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Authority:

3 Kevin F. O'Malley et al., *Fed. Jury Prac. & Instructions* § 104.05 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION NO. 5

### (Credibility of Witnesses)

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of  each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Authority:

3 Kevin F. O'Malley et al., *Fed. Jury Prac. & Instructions* § 105.01 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION NO. 6

### (Objections)

Testimony and other evidence can be admitted into evidence during a trial only if it meets certain criteria or standards.  It is the duty of the lawyer on each side of a case to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible under the rules of law.  Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side.  You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question.

When I have sustained an objection to a question or the admission of other evidence, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

Authority:

3 Kevin F. O'Malley et al., *Fed. Jury Prac. & Instructions* § 102.71 (5th ed. 2000) (modified).

## PROPOSED JURY INSTRUCTION NO. 7

### (Expert Witnesses)

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses."  An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Authority:

3 Kevin F. O'Malley et al., *Fed. Jury Prac. & Instructions* §104.40 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION NO. 8

### (Preponderance of the Evidence)

Plaintiffs have the burden in a civil action such as this to prove every essential element of their claim by a preponderance of the evidence.  If Plaintiff should fail to establish any essential element of their claim by a preponderance of the evidence, you should find for the defendant.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds the belief that what is sought to be proved is more likely true than not true.  This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard that applies in criminal cases.  It does not apply in civil cases such as this.  You should therefore put it out of your mind.

Authority:

3 Kevin F. O'Malley et al., *Fed. Jury Prac. & Instructions* §104.01 (5th ed. 2000) (modified).

## PROPOSED JURY INSTRUCTION NO. 9

### ("If You Find")

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

Authority:

3 Kevin F. O'Malley et al., *Fed. Jury Prac. & Instructions* § 104.04 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION NO. 10

### (Statement of the Case)

Plaintiff, Joseph M. Popovich, claims that the Defendant, Court of Common Pleas, Domestic Relations Division, intentionally discriminated against him in violation of Title II of the American with Disabilities Act and corresponding federal regulations.

The American with Disabilities Act defines a disabled individual as having:

    A. A physical or mental impairment that substantially limits one or more of the major life activities of such individual;

    B. A record of such an impairment; or

    C. Being regarded as having such an impairment.

A major life activity includes hearing.[1]

---

[1] Joseph Popovich v. Cuyahoga County, et al., Case No. 1:95-CV-684, Jury Instructions (dated Friday, April 3, 1998).

## PROPOSED JURY INSTRUCTION NO. 11

### (Definition of Disability)

The term "disability" as used in these instructions means a physical or mental impairment that substantially limits one of the major activities of life such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working.[2]

---

[2] <u>Joseph Popovich v. Cuyahoga County, et al.</u>, Case No. 1:95-CV-684, Jury Instructions charged to the jury April 3, 1998.  (Trial transcript at p. 767).

## PROPOSED JURY INSTRUCTION NO. 12

### (Elements of Claim)

In order for Plaintiff, Joseph M. Popovich, to establish his claim of intentional discrimination by Defendant, Court of Common Pleas, Domestic Relations Division, he has the burden of proving the following essential elements by a preponderance of the evidence:

1. He is a qualified person with a disability as that term is defined in these instructions;

2. Defendant, Court of Common Pleas, Domestic Relations Division, intentionally discriminated against Plaintiff, that is, the fact that Plaintiff, Joseph M. Popovich, was a qualified person with a disability was a motivating factor in the Defendant's decision to exclude him from participation in or deny him the benefits of the services provided by the Domestic Relations Court defined as the services, programs and/or activities of the Court or to otherwise discriminate against the Plaintiff; and

3. As a direct result of this Defendant's intentional discrimination, that Plaintiff sustained damages.[3]

---

[3] Joseph Popovich v. Cuyahoga County, et al., Case No. 1:95-CV-684.

## PROPOSED JURY INSTRUCTION NO. 13

### (Qualified Individuals with Disability)

The term "qualified individuals with a disability" as used in these instructions, means an individual with a disability who, without reasonable modification to rules, policies, or practices, the removal of architectural, communication or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services of the participation of the programs or activities provided by a public entity such as the Court of Common Pleas, Domestic Relations Division.[4]

---

[4] <u>Joseph Popovich v. Cuyahoga County, et al.</u>, Case No. 1:95-CV-684, trial transcript pp. 768-769.

## PROPOSED JURY INSTRUCTION NO. 14

(Good Faith Defense)

The Defendant, Court of Common Pleas, Domestic Relations Division, in this case asserts that they have made a good faith effort to reasonably accommodate the alleged disabilities of the Plaintiff.  Your verdict should be for the Defendants if the Defendants have proven to you, by a preponderance of the evidence, that:

1. Plaintiff, Joseph M. Popovich, has informed the Defendants that a reasonable accommodation, as defined in these instructions, was needed because of Plaintiff's disability; and

2. Defendant, Court of Common Pleas, Domestic Relations Division, made a good faith effort in consultation with the Plaintiff, to identify and make a reasonable accommodation that would provide Plaintiff with reasonable access to the courts and the proceedings; or

3. The efforts of the reasonable accommodation would cause an undue hardship on the operations of the Defendant.

The term "reasonable accommodation" as used in these instructions means making modifications which allow a person with a disability to enjoy the same benefits and privileges as an individual without a disability.[5]

---

[5] Joseph Popovich v. Cuyahoga County, et al., Case No. 1:95-CV-684, trial transcript pp. 769-770.

## PROPOSED JURY INSTRUCTION NO. 15

### (Obligations of A Public Entity)

A public entity such as the Court of Common Pleas, Domestic Relations Division, is required to provide appropriate auxiliary aids and services whenever necessary to afford an individual with a disability to reasonable access and an opportunity to participate and enjoy the benefits of a service conducted by the public entity, in this case, the Court. The ultimate responsibility for insuring that an individual with a disability receives auxiliary aids and services rests with the public entity.

In the present case, Joseph Popovich contends that Cuyahoga County and Court of Common Pleas, Domestic Relations Division, failed to provide necessary auxiliary aids and services to allow him the opportunity to meaningfully participate in the Court proceedings pending before the Court.

The term "reasonable accommodation" does not include efforts that would cause an undue hardship on the public entity.

The term "undue hardship," as used in these instructions, means actions requiring the Defendant, Court of Common Pleas, Domestic Relations Division, to incur significant expense or undergo significant difficulty when considered in light of the following:

1. The nature and net cost of the accommodation;

2. The overall financial resources of the Defendant and the number of persons employed by the Defendant; and

3. The type of business of the Defendant, including composition, structure, and function of Defendant's services, programs or activities.[6]

---

[6] Joseph Popovich v. Cuyahoga County, et al., Case No. 1:95-CV-684, trial transcript pp. 770-771 (modified to conform with Tennessee v. Lane, 541 U.S. 509 (2004).

## PROPOSED JURY INSTRUCTION NO. 16

### (Retaliation)

In his second claim, Plaintiff contends that the Defendant took retaliatory action against him for filing a Charge of Discrimination with the Department of Justice.

You are hereby instructed that it is unlawful to coerce, intimate, threaten or interfere with any individual in the exercise of his rights or for having exercised his rights granted or protected under Title II of the American with Disabilities Act.

To establish a case for retaliation, Plaintiff must prove by a preponderance of the evidence the following four elements:

First, Plaintiff, Joseph M. Popovich, engaged in an activity protected by Title II of the American with Disabilities Act, such as filing a Charge of Discrimination with the Department of Justice.

Second, this exercise of his protected activity was known to the Court of Common Pleas, Domestic Relations Division.

Third, the Defendant, the Domestic Relations Court, thereafter took action adverse to Plaintiff, which affected his right of participation in or resulted in a denial of benefits of services, programs or activities of the public entity.

Fourth, that there was a causal connection between the protected activity and the adverse action taken by the Defendant.

In the present case, Joseph Popovich contends that the Court of Common Pleas, Domestic Relations Division, retaliated against him as a result of his complaints of disability discrimination by staying his Court proceedings and refusing to move the case forward. The Defendant denies that they retaliated against Mr. Popovich.

Plaintiff may establish the causal connection for purposes of establishing a *prima facia* case by demonstrating the proximity of the adverse act to the protected activity; and, however, proximity alone is insufficient to establish a causal connection.

Plaintiff must show that retaliation was a determining factor in the stay court proceedings on the custody hearings and domestic violence charge.

"Determining factor" means that the Plaintiff's protected conduct made a difference in Defendant's decision to stay court proceedings on the custody hearing and domestic violence charge. Plaintiff need not prove that the fact that he engaged in protected conduct was the only reason. It is not a determining factor if the stay of court proceedings would have occurred regardless of whether Plaintiff had engaged in the protected activity.

Likewise, you may consider whether the Common Pleas Court, Domestic Relations Division, has established legitimate non-discriminatory reasons for their actions.

In order to find in favor of the Plaintiff in a retaliation claim, you must find that the Defendant had knowledge that the Plaintiff had complained of the denial of benefits of services, programs and/or activities due to disability. The facts related to the charge of denial of benefits filed with the department of justice do not have to be, in fact, true. That is to say, Plaintiff may have complained or filed charges of denial of benefits when there did not, in fact, exist any denial of benefits. But regardless of whether the charges or complaints had merit, if the Defendant retaliated against the Plaintiff because of the mere fact that complaints were made or charges were filed, as long as the Plaintiff had a good faith belief that the denial of benefits was occurring, then the Defendant may be held liable.

If you find from the evidence that retaliation was, more likely than not, a motivating factor in Defendant's decision to stay proceedings on the custody hearing and domestic violence charge, you should so indicate on the appropriate verdict form.

If you find that the Defendant would, more likely than not, have made the same decision, even if the unlawful motive was not present, you should enter a verdict for that Defendant on the proper verdict form.

In order for you to find that Joseph M. Popovich has proven his claim of retaliation in violation of Title II of the American with Disabilities Act, you must find that he has proven, by a preponderance of the evidence, each of the four elements of retaliation which I have described, and if necessary, overcome by a preponderance of the evidence any legitimate non-discriminatory reason offered by the Defendant as being false and merely a pretext for the retaliatory actions.

Remember, Plaintiff carries the burden of proof establishing his claims. The Defendant does not have the burden to establish that they were actually motivated by the reasons offered.

If the Plaintiff has proven his claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled.[7]

---

[7] Joseph Popovich v. Cuyahoga County, et al., Case No. 1:95-CV-684, trial transcript pp. 771-774.

## PROPOSED JURY INSTRUCTION NO. 17

### (CONSIDER DAMAGES ONLY IF NECESSARY)

I will now instruct you as to the proper measure of damages in this case. These instructions should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, and should only be considered if, and only if, you find in favor of the Plaintiff in accordance with the other instructions which I have given you. If you find in favor of the defendant, you will not award any damages.

The Plaintiff has the same burden of proving damages as she had with regard to proving that a legal wrong was done to Plaintiff in the first place. You may not guess or speculate on damages. The damages that you award must be fair compensation, no more and no less.

Authority:

3 *Fed. Jury Prac. & Instructions*, 4th Ed. No. 74.02, modified; *Eulo v. Deval Aerodynamics, Inc.*, 47 F.R.D. 35 (E.D. Pa. 1969).

## PROPOSED JURY INSTRUCTION NO. 18

### (Damages)

If you find that Plaintiff did not prove by a preponderance of the evidence that the Defendants discriminated against him, then you need not to consider Plaintiff's alleged damages. If you find that Plaintiff is entitled to damages, then you will decide by the greater weight of the evidence what amount of money will fairly and reasonably compensate Mr. Popovich.

## PROPOSED JURY INSTRUCTIONS No 19

### (Compensatory Damages)

If you find that the Defendant Cuyahoga County and Domestic Relations Court intentionally discriminated against the Plaintiff Joseph Popovich because of his disability, or in retaliation for filing a charge of discrimination, then you must determine an amount of money that is fair compensation for Plaintiff's damages. You may award compensatory damages only for injuries that Plaintiff proves to you were caused by Defendants wrongful conduct. The damages that you award must be fair compensation, no more and no less.

You may award compensatory damages, based on the evidence introduced at trial, for emotional pain and suffering, inconvenience and mental anguish.

You may award damages for any pain, suffering or mental anguish that the Plaintiff experienced as a consequence of the Defendant discrimination and/or retaliatory conduct. No evidence of monetary value for such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award you should be guided and dispassionate common sense. You must use sound discretion affixing an award of damages, drawing reasonable inferences from the facts and evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision but only with as much definiteness and accuracy as circumstances permit.

Federal Jury Practice and Instructions Section 104 A .11, as modified to comply with Title II the American with Disabilities Act.

## PROPOSED JURY INSTRUCTION NO. 20

### (Verdict – Unanimous – Duty to Deliberate)

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.[8]

---

[8] Devitt, Blackmar & Wolff, <u>Federal Jury Practice & Instructions</u>, § 74.01 (4th Ed. 1987).

## PROPOSED JURY INSTRUCTION NO. 21

### (Election of Foreperson – Special and General Verdicts)

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in Court.

A form of special verdict, and a form of general verdict, have been prepared for your convenience. You will take these forms to the jury room. I direct your attention first to the form of special verdict.

[Read Special Verdicts].

You will note that each of the 4 interrogatories or questions call for a "YES" or "NO" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question, and will date and sign the special verdict, when completed. As you will note from the wording of the questions, depending on your unanimous answer to a question, it may not be necessary for you to complete other questions or interrogatories. Please pay attention to the directions on each question or interrogatory.

After you have completed your findings as called for by the questions set forth on the special verdict, you will then consider your general verdict, forms of which have been prepared for your convenience.

 [Read General Verdict].

Your answers to the special verdict questions will dictate how you answer the general verdict.

When you have reached unanimous agreement as to your general verdict, you will have your foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree and you will then return with both the completed special verdict and the completed general verdict to the courtroom.

Please remember that your answers to the special questions submitted to you as well as the general verdict must be unanimous. Unless all of you agree, you may not return an answer to any question.[9]

---

[9] Devitt, Blackmar & Wolff, Federal Jury Practice & Instructions, §§ 74.06 and 74.14 (4th Ed. 1987).

## PROPOSED JURY INSTRUCTION NO. 22

### (Verdict Forms/Jury's Responsibility)

It is proper to add the caution that nothing said in these instructions and nothing in any form or verdict prepared for your convenience is meant to suggest or convey in any way or manner what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.[10]

---

[10] Devitt, Blackmar & Wolff, Federal Jury Practices & Instructions, §74.07 (4th Ed. 1987).

## PROPOSED JURY INSTRUCTION NO. 23

**(Communications between Court and Jury during Jury's Deliberations)**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by bailiff, signed by your foreperson or by one of more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court.

Bear in mind also that you are never to reveal to any person – not even to the Court- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.[11]

---

[11] Devitt, Blackmar & Wolff, <u>Federal Jury Practice & Instructions,</u> § 74.08 (4th Ed. 1987).

## PROPOSED JURY INSTRUCTION NO. 24

### (Closing Remarks)

Circumstances in this case may arise sympathy for one party or the other.  Sympathy is a common human emotion.  The law does not expect you to be free of such normal reactions.  However, the law and your oath as jurors require you to disregard sympathy and not to permit it to influence your verdict.

You must not be influenced by any consideration of sympathy or prejudice.  It is your duty to weight the evidence, to decide the disputed questions of fact, to apply the instructions of law to your findings and to render your verdict accordingly.  Your duty as jurors is to arrive at a fair and just verdict.

After your verdict is returned and announced in open court, you may discuss the case with anyone.  You are not required to do so and it is a matter of your own free choice.

I want to thank you and express the appreciation of the citizens of this community for your services as jurors.  By providing this service you have contributed toward continuing a unique system of justice which we enjoy in the United States of America.

You will now retire to the jury room to deliberate upon your verdict.  The bailiff will confer with you regarding any recess or adjournment.[12]

---

[12]  1 Ohio Jury Instructions, §§ 25.20 and 25.40 (1994).

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing document has been served on all parties by operation of this Court's electronic filing system.

/s/ Shannon J. Polk

Richard C. Haber, Esq. (#0046788)
Shannon J. Polk, Esq. (#0072891)