UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH POPOVICH,                          )          Case No. 1:95 CV 0684
                                          )
          Plaintiff,                      )
                                          )
     vs.                                  )
                                          )                   O R D E R
CUYAHOGA COUNTY                           )          (Resolving Docket No. 191)
COURT OF COMMON PLEAS                     )
DOMESTIC RELATIONS DIVISION,              )
                                          )
          Defendant.                      )          Magistrate Judge James S. Gallas
                                          )


     Defendant has filed a motion *in limine* for an order precluding or limiting plaintiff from

introducing evidence that:

> (1)     Plaintiff prevailed in a prior trial of this matter.

> (2)     Plaintiff was unfairly or improperly subject to *ex parte* proceedings by Defendant;

> (3)     Lauren Popovich experienced "pain and suffering" as a result of not seeing her father;

> (4)     Virginia Aylward was very upset, emotional and cried as a result of not seeing Lauren Popovich;

> (5)     Details of the merits underlying the domestic relations custody and domestic violence cases;

> (6)     Lauren Popovich photos, letters and cards sent to Plaintiff as exemplified by Plaintiff's Trial Exhibits 1, 2, 3, 4, 5 and 52;

> (7)     The United States Department of Justice ["DOJ"] expressed an opinion on the merits of Plaintiff's charge, including but not limited to Plaintiff's Trial Exhibits 8, 29, 30, 31, 33, 34, 35, 39, 43, 44 and 45; and

1:95 CV 0684                                    2

       (8)     Defendant further seeks to exclude reference to, reliance on, or mention of the Stipulations which were entered into by the parties prior to remand by the Sixth Circuit Court of Appeals.

**(1) Prior Trial:**

The court presumes that defendant was referring only to a 1998 federal trial of this case so that plaintiff's counter-argument based on alleged retaliation in state court proceedings is irrelevant.  The jury certainly could be prejudiced by revelation of the prior verdict.  See *Olitsky v. Spencer Gifts, Inc.*, 964 F.2d 1471, 1475-76 (5th Cir.), *cert. denied*, 113 S.Ct. 1253 (1993); *Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338, 1351 (3rd Cir. 1975) (disclosure of prior trial or admission of prior verdict could raise possibility jury will defer to earlier result producing a decision in the case not on evidence before it).  Accordingly, no reference to the fact that plaintiff prevailed in the proceeding or in the verdict in the prior federal trial is permitted.

**(2) State *Ex Parte* Proceedings:**

Defendant argues that the testimony describing state court proceedings with respect to the *ex parte* temporary protection order (TPO) is not only unfairly prejudicial but confusing because the concept of a statutorily mandated *ex parte* proceeding is beyond the knowledge of the general public.  The court finds this argument not persuasive.  Evidence may be introduced to establish that the *ex parte* nature of a temporary protection proceeding under state law.  The evidence would not be a source of jury confusion but necessary to establish the history of state court proceedings.  As acknowledged in *Popovich* II, "This testimony about the custody dispute and the initial *ex parte* hearing is relevant only to the extent that it provides the context or

1:95 CV 0684                                             3

background on which the facts concerning retaliation and exclusion were presented." *Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808, 816 (6th Cir. 2002).

Of course the issue remains whether or not this *ex parte* proceeding was "unfair or improper".  Ohio Revised Code §3113.31(D)(1) expressly provides for *ex parte* hearing, "[i]f a person who files a petition pursuant to this section requests an *ex parte* order," so that exclusion would not be based on disability assuming that *ex parte* order was requested and the hearing held on the same day as required under this provision.  Compare §3113.31(D)(3) (providing for full hearing).  There is an allegation in the complaint that the hearing was not held on the same day.

If plaintiff has evidence that §3113.31(D)(1) was not followed to the letter, then it is open to a challenge as being "unfair or improper."  However, plaintiff's argument that the defendant "charged ahead" with the TPO hearing does not support the conclusion of this argument.  Instead this shows defendant conformed with the requirements of the Ohio legislature that the hearing be held on the same day consistent with statute.  Further, plaintiff's statements concerning Judge Fisher's comments at the hearing  to sit down and watch, again were consistent with an *ex parte* hearing.  Plaintiff's argument does not demonstrate a bad faith effort to disingenuously substitute an *ex parte* hearing where a full hearing was required, or demonstrate that a full hearing should have been held.  If plaintiff has evidence to demonstrate that the state court did not comply with the §3313.03(D)(1)'s request and same day hearing requirements, then plaintiff can certainly present a challenge to the fairness or propriety of the

1:95 CV 0684                                    4

proceedings.  Otherwise the *ex parte* hearing is relevant only as the historical jumping-off point

as explained in *Popovich* II.


        Presuming that plaintiff does have evidence to show digression from the statutory

requirements, then plaintiff must be prepared to establish that the exclusion from the hearing

and hence its *ex parte* nature, was *on account* of his disability.  The court must follow the

guidance provided in *Robinson v. University of Akron School of Law*:

> The essential holding of *Popovich* is that a Title II claim sounds in due
> process and abrogates sovereign immunity where the plaintiff alleges
> that he was excluded from participating in a proceeding guaranteed to
> him by the Due Process Clause on the basis of his disability.  *See
> Popovich*, 276 F.3d at 816 (holding that "*Garrett* . . . does not foreclose
> a trial and verdict based on . . . unreasonable exclusion from judicial
> proceedings based on disability in a due process-type claim").  Here,
> although Robinson complains that the University barred him from
> hearings on his case, *he makes non claim that he was excluded from
> these hearings because of his disability.*  Such a claim is outside the
> scope of *Popovich* because it is not an ADA claim – there is no
> allegation of discrimination to support it – and must be brought, if at all,
> as a claim for violation of Robinson's due process rights pursuant to 42
> U.S.C. §1983 (emphasis supplied).

*Id.*, 307 F.3d 409, 413 (6th Cir. 2002).  Consequently, this is not to say that plaintiff could not

under certain circumstances support an argument that the *ex parte* hearing was unfair or

improper, but must provide a foundation for admission of evidence supporting such an

argument, beyond the argument that the courts were merely charging ahead or that Judge

Fisher's comment to plaintiff to sit down and watch was somehow unfair.

1:95 CV 0684                                           5

**(3) Lauren Popovich Experienced Pain and Suffering and**

**(6) Lauren Popovich Photos, Letters and Cards Sent to Plaintiff:**

Defendant contends that letters and testimony of Lauren Popovich about the pain and suffering she presented are highly inflammatory and passionate evidence.  As a result, defendant argues they should be disallowed under Evidence Rule 402 and 403 as irrelevant and prejudicial.  Plaintiff counters that his knowledge that his daughter was experiencing emotional pain as a result of his absence contributed to his own pain and suffering, and therefore is relevant evidence.

The court finds that this evidence departs from the general requirement that the defendant is legally responsible only for damages proximately caused by it.  It is difficult to see the relevance of plaintiff's emotional upset due to his daughter's feelings of distress.   The evidence of Lauren's distress is not relevant to plaintiff's claim of emotional damage proximately caused by defendant.  The evidence of plaintiff being reminded of the fact that his daughter was growing up without him, though, as exemplified by photos, letters and cards sent to him though cannot be precluded.  They would be admissible not for the purpose of showing Lauren Popovich's own pain and suffering, but to establish plaintiff's own pain and suffering due to the temporary protection order from the state court.  They  cannot be offered to establish that plaintiff's daughter experienced pain and suffering, but certainly can be offered to support plaintiff's pain and suffering.

1:95 CV 0684                                         6

**(4) Virginia Aylward's Emotional Upset:**

Defendant argues that the evidence of Ms. Aylward's emotional upset as a result of Lauren Popovich's absence should be excluded.  Plaintiff responds this is evidence pertaining to his own emotional pain and suffering as exacerbated by Ms. Aylward's mental anguish.  The court again finds that this evidence is not proximate evidence of emotional damages caused by defendant, and hence is irrelevant.

**(5) Details of the Merits Underlying the Domestic Relations Custody and Domestic Violence Cases:**

The court is not clear what defendant is seeking to exclude.  The state court proceedings are the subject of this case.  If the defendant's concern is solely the state temporary protection *ex parte* hearing, the court has explained its position that the evidence of fairness or impropriety may be admissible under a limited set of circumstances.  In any event, the *ex parte* hearing is certainly relevant in historical context.  Hopefully, plaintiff does not intend to in effect "appeal" by challenging the correctness of the state court decisions to the federal jury.

**(7) Department of Justice Opinion on the Merits of Plaintiff's Charge:**

Plaintiff argues that the Department of Justice's opinion should be admitted because it demonstrates that defendant purportedly took action to accommodate plaintiff's disability only after the Department of Justice notified defendant in its opinion defendant was discriminated against plaintiff.  Plaintiff goes on to state that this evidence indicates defendant's unwillingness to accommodate plaintiff initially and its required prompting by the Department of Justice.

1:95 CV 0684                                   7

Defendant's position is based on *EEOC v. Ford Motor Company*, 98 F.3d 1341, 1996 WL 557800 (6th Cir. Sept. 30, 1996).  This court  visited this issue previously in its order of March 30, 1998 (Docket No. 62).  The opinion of the Department of Justice is not relevant to plaintiff's retaliation claims.  Borrowing from Title VII cases, the elements of a *prima facie* case of retaliation are: (1) that the plaintiff engaged in a protected activity; (2) that an exercise of protected rights was known to defendant; (3) that defendant thereafter took adverse action to plaintiff; and (4) that there was a causal connection between the protected activity and the adverse action.  See *Akers v. Albey*, 338 F.3d 491, 497 (6th Cir. 2003); *Canitia v. Yellow Freight Systems, Inc.*, 903 F.2d 1064, 1066 (6th Cir. 1990), *cert. denied*, 498 U.S. 984 (1990); *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000) (adding an alternative to adverse action of severe or pervasive retaliatory harassment, which is not *apropos* to this situation).  The fact that an administrative decision was issued is not relevant to a *prima facie* case of retaliation.  Nor as *Ford Motor* explains the decision can be evidence used to support a showing of pretext.  1996 WL 557800 at *9, *10.  Likewise, the actual decision is not relevant to a direct evidence presentation of a retaliation claim.  Granted, there are several points where *Ford Motor* is distinguishable from the situation at hand.  This evidence is more relevant to plaintiff's discrimination claim, and his "catalyst" for change argument.  However, as explained previously in 1998, there is little probative value in admitting the agency's conclusions based on the same evidence to be heard and considered by the jury, so  there is a danger of prejudice in admitting the determination (Order, Docket No. 62).   As stated in *Ford Motor*, the "district court, and the court of appeals, owes no deference to what the EEOC thought the facts were when it brought the case before the district court."  1996 WL 557800 at *9.

1:95 CV 0684                                             8

Moreover as pointed out by defendant, at the time Popovich filed his charges with the DOJ it made its investigation and determination on the basis of equal protection rather than due process, and due to the Sixth Circuit *en banc* decision, the equal protection claims under ADA Title II are no longer viable, and as explained in the September 30, 2004 opinion from this court, the definition of a qualified individual with disability must be read in light of Supreme Court decisions issued subsequent to trial.  However, the admissibility of the content of these exhibits *sans* legal conclusions will be held in abeyance until admissibility is actually in dispute during trial.

**(8) Prior Stipulation:**

Defendant seeks to exclude evidence in reference to reliance on a mention of the stipulations which were entered into by the parties prior to remand by the Sixth Circuit Court of Appeals.  In 1998 when this case was initially tried, the parties entered into 29 stipulations for the purposes of that trial. Defendant argues that since that time there have been significant changes in both the posture of the litigation and the law and that as a consequence  the stipulations are void.

There were several stipulations entered into on the record as read by the court.  (See TR. Vol. 3 at 387-395, Docket No. 118).  Briefly at this time in the trial, there was a side bar conference prompted by plaintiff for him to read the stipulated facts and answers to three interrogatories given by defendant.  *Id.* at 384.   The court disallowed reading of the interrogatories and answers, and the consensus was reached for the court to read the

1:95 CV 0684                                    9

stipulations, rather than plaintiff's counsel.  Defendant initially voiced no objections to these

stipulations and conceded the court's introductory statement that, ". . . these are facts that they

agree are true, and no evidence is necessary to prove these facts because both sides have agreed

that they're true."  *Id.* at 387.  At their conclusion, defendant agreed to the correctness of these

stipulations,  *Id.* at 393, but then defendant discovered there had been an oversight and number

25 was modified with agreement of plaintiff.  *Id.* at 393-395.   The authority  the court has

uncovered supports the view that the stipulations remain valid for purposes of retrial.  *Conroy*

*Co. v. Sperry Rand Corp.*, 672 F.2d 781 (9th Cir. 1982), found following remand by the

appellate court that the parties remain bound by their prior stipulations.  *Id.* at 783, 786-787.

In *Bradshaw v. The Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981), the court

was concerned with the prejudice that a litigant representing herself could suffer if she were

denied appointment of counsel because she could, for example, be bound by or impeached with

her earlier testimony, or suffer adverse consequences from uninformed and unwise

stipulations." *Id.* at 1311-1312.  Generally a party is bound by a stipulation in a subsequent trial

of the same action.  See *Waldorf v. Shuta*, 142 F.3d 601, 616 (3rd Cir. 1998); *Payne v. Norwest*

*Corp.*, 185 F.3d 1068, 1071 n. 3 (9th Cir. 1999); *Wheeler v. John Deere Co.*, 935 F.2d 1090,

1098 (10th Cir. 1991). " [W]here a formal admission of facts is made by counsel and becomes

a part of the record, such a stipulation or admission, provided it is not by its terms limited to a

particular occasion or a temporary object, can be introduced into evidence and is available as

proof of the facts admitted upon a subsequent trial of the same action, unless the court permits

its withdrawal upon proper application." *Wheeler* at 1098, quoting 73 Am. Jur.2d Stipulations,

§10 at 545-46 (1974).

1:95 CV 0684                                    10

However, as acknowledged in *Wheeler*, "[w]hen a stipulation is limited expressly to a single trial and phrased in terms of conclusory, rather than evidentiary facts, district courts may on retrial free a party from the stipulation."  *Wheeler*, at 1098; *Hunt v. Marchetti*, 824 F.2d 916, 917-18 (11th Cir. 1987); *Aetna Life Ins. Co. v. Barnes*, 361 F.2d 685, 690 (5th Cir. 1966); *Waldorf,* 142 F.3d at 616-17.   "Finally, '[w]here a stipulation is entered into under a mistake of law induced by an existing state of the case law a [party] is entitled to be relieved of the stipulation if no prejudice results.'" *Waldorf v. Borough of Kenilworth*, 878 F.Supp. 686, 693 (D. N.J. 1995), aff'd 142 F.3d 601 (3rd Cir. 1998); *Logan Lumber Co. v. Commissioner*, 365 F.2d 846, 855 (5th Cir. 1966); *Wheeler, supra,* at 1098.


The court has reviewed the stipulations as set forth in the transcript and finds that they primarily relate to evidentiary facts except for the question whether defendant is a "public entity."  Manifest injustice may result when there are "exceptional circumstances" affecting the party seeking to withdraw or other parties due to intervening events since the time of stipulation.  *Waldorf*, *supra* at 617-618; *Bail bonds by Marvin Nelson, Inc. v. Commissioner*, 820 F.2d 1543, 1548 (9th Cir. 1987).  Manifest injustice may also occur in situations where evidence contrary to the stipulation is substantial.  *Waldorf* at 618; *Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 317 (5th Cir. 1981).   While that stipulation involves a legal conclusion, the court has addressed this previously, denying defendant's argument for change of position, in its September 30, 2004 memorandum opinion and order that state courts have been held to be "public entities."  See page 23-24.  Moreover, the circumstances do not present an instance of manifest injustice due to a change of law, or substantial contrary facts.  Compare *Wheeler* at

1:95 CV 0684                                        11

1098; *Morrison v. Genuine Parts Co.*, 828 F.2d 708 (11ᵗʰ Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988); *Waldorf*, at 617-618.  Although there has been a change in the legal theory from equal protection to due process, this presents no reason to change essentially historical facts in the development of matters or the fact that defendant stipulated that it was a "public entity." These issues are quite separate from the legal theory under which the case is tried. Accordingly, the defendant's motion *in limine* (Docket No. 191) is granted in part and denied in part.


         IT IS SO ORDERED.



                                          s/James S. Gallas
                                  United States Magistrate Judge

Dated: December 2, 2005