UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH M. POPOVICH, | ) | CASE NO. 1:95 CV 684 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE: GALLAS |
| -vs- | ) | |
| | ) | |
| CUYAHOGA COUNTY COURT OF | ) | **MOTION TO ENFORCE SETTLEMENT** |
| COMMON PLEAS, et al., | ) | **AGREEMENT AND RELEASE** |
| | ) | |
| Defendants. | ) | |

Now comes Plaintiff, Joseph Popovich, by and through counsel, and hereby requests this Court issue an Order compelling Defendant to comply with the terms of the negotiated Settlement Agreement and Release. Specifically, the parties engaged in substantial negotiations over several months with respect to the terms of a settlement both monetary and otherwise.

Ultimately, the parties agreed on a confidential sum of money which would be paid to the Plaintiff and his attorneys in settlement of the Plaintiff's disability discrimination claims. Under the terms of the settlement, the parties agreed that it was the "intent of this agreement that the compensation referenced above in Paragraph 2(a)[1] is for allegations of 'tort-like damages arising out of Popovich's alleged physical disability.'" The parties further stated that it was "the intent of the parties that the considerations set forth herein is not taxable to Popovich and no 1099 shall be issued by the Court for the payment of said consideration to Popovich." Parenthetically, the parties also agreed that a 1099 would be issued to the law firm of Haber Polk, LLP with respect to attorney's fees and expenses paid as part of the settlement. Plaintiff takes no issue with the manner in which these payments were handled.

---

[1] The amount is being withheld from this motion in compliance with the purported confidentiality provisions of the agreement. A copy of the agreement is being served on October 6, 2006 to the chambers of Magistrate Judge Gallas and will be made part of the record under seal.

Despite this express, clear, and unambiguous language in the agreement, the Defendant has issued a settlement draft to Joseph Popovich and issued a 1099 to the internal revenue service in violation of the provisions of this agreement. Accordingly, Mr. Popovich has not negotiated the settlement draft and has been denied the benefits of his settlement from the date that he executed the agreement to the present time. Accordingly, it is respectfully requested that this Court issue an order enforcing the Settlement Agreement and ordering the Defendants to either: (1) void the settlement draft made payable to Joseph M. Popovich in the amount of $82,602.00 and reissue a settlement draft to Joseph M Popovich without issuing a 1099; or (2) issue a draft to the law firm of Elfvin & Besser in the amount of $82,602.00.

In the event that the Court issues an order consistent with option 2, it is further requested that this Court issue an order that no 1099 will be issued by the law firm of Elfvin & Besser consistent with the term of the Settlement Agreement

Finally, having negotiated and executed the Settlement Agreement on June 7, 2006, and having been deprived the benefits of this settlement for a period of over three (3) months, it is respectfully requested that this Court award interest from the date of the settlement (June 7, 2006) at the prevailing short-term federal rate to the date that payment is made by the Defendants in compliance with the Settlement Agreement.

Respectfully submitted,

/s/ Richard C. Haber
Richard C. Haber (0046788)
**HABER ▪ POLK, LLP**
Eaton Center, Suite 620
1111 Superior Avenue, East
Cleveland, Ohio 44114-2568
P: (216) 241-0700
E-mail:  rhaber@haberpolk.com

2

Attorney for Plaintiff,
Joseph Popovich

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Richard C. Haber
Richard C. Haber (0046788)

4